***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Companion Property and Casualty Company is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff contends that the date of the alleged injury was from 15 May 2001, through 17 July 2001.
5. Plaintiff's average weekly wage was $358.85, yielding a compensation rate of $239.22.
6. Plaintiff contends and defendants deny that the plaintiff is entitled to recover temporary total disability compensation since 17 July 2001 through the present, payment for medical treatment, continuing temporary total disability, and future medical treatment as required.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 28 year old female with a ninth grade education.
2. Plaintiff has worked continuously for the defendant-employer's Wendy's fast food restaurant since the age of eighteen. She began working as a crew person in 1992 and was later promoted to shift supervisor.
3. In March 2001, James Johnson became the general manager of the Wendy's in Forest City, North Carolina, where the plaintiff was a shift supervisor.
4. Beginning in May 2001, Mr. Johnson began making sexually suggestive remarks to plaintiff and began touching her in sexually inappropriate manners. On one occasion, Mr. Johnson choked plaintiff; on another occasion, he pulled her down onto his lap; and on another occasion he put his hand down her shirt. Each of these incidents occurred without the consent of plaintiff.
5. Additionally, Mr. Johnson pushed plaintiff on several occasions and grabbed her numerous times on the buttocks. Mr. Johnson pushed the plaintiff against a wall panel on one occasion and pushed her against a metal corner on another occasion, each incident causing abrasions on the plaintiff's back.
6. From plaintiff's perspective, the assaults by Mr. Johnson were unexpected and were without design on plaintiff's part.
7. Plaintiff became emotionally upset as a result of the actions of James Johnson, but did not report such actions to defendant-employer's human resources department because she had been told previously that she was not to contact human resources for any reason and if she did so, she would be terminated. Plaintiff was aware that a co-employee had reported similar actions by Mr. Johnson to defendant-employer's district manager, and that no action had been taken against Mr. Johnson as a result. Plaintiff was also fearful of her husband's reaction if he learned of Mr. Johnson's actions.
8. Mr. Johnson's position as supervisor placed him in a position of power over plaintiff in the workplace. Mr. Johnson used his superior position to sexually harass and attack plaintiff in the workplace. Weighing plaintiff's fears against the consequences of reporting the conduct of her supervisor, it is reasonable that plaintiff delayed making any official complaints until her situation reached a level of stress which exceeded her fear of losing her employment with defendant-employer.
9. Plaintiff filed a complaint of sexual harassment against Mr. Johnson with her district manager on 17 July 2001, and following an investigation, Mr. Johnson was terminated from employment by defendant-employer.
10. On 18 July 2001, plaintiff presented to a family practice physician who made a diagnosis of anxiety, prescribed medication, and advised the plaintiff to remain out of work through 23 July 2001.
11. Plaintiff was treated at The Rutherford-Polk Mental Health Center on 8 August 2001, at which time she was diagnosed with acute post-traumatic stress disorder and was assigned to a crisis group for persons with acute symptoms of depression, anxiety, or psychotic features.
12. Plaintiff presented to Dr. Michael Knoelke, a staff psychiatrist at the Rutherford Center, on 16 August 2001. Dr. Knoelke made a primary diagnosis of post-traumatic stress disorder with panic attacks and major depressive disorder and prescribed an antidepressant and a low dose tranquilizer.
13. Plaintiff has continued treatment at the Rutherford Center in group and individual therapy under the care of Dr. Knoelke since 16 August 2001.
14. Dr. Knoelke testified that the events at work involving Mr. Johnson contributed to plaintiff's psychiatric condition. Dr. Knoelke further testified that plaintiff has been unable to work as a result of her psychiatric condition since he began treating her on 16 August 2001.
16. At the time of Dr. Knoelke's deposition, plaintiff continued to treat with him, and she had not been released to return to work. The Full Commission finds that plaintiff has been totally disabled since 16 August 2001.
17. Each attack upon plaintiff by her supervisor constituted a separate accident as each attack was an unlooked for untoward event not expected or designed by the employee. The cumulative effect of her accidents resulted in the development of post-traumatic stress disorder. Consequently, plaintiff suffered an injury by accident which occurred in the course of her employment with defendant-employer as a result of the instances of sexual harassment and assault that she was subjected to by her supervisor, James Johnson, beginning in May 2001. However, based upon prior appellate decisions, the Full Commission must find as fact that plaintiff's injury did not arise out of the nature of her employment.
18. Plaintiff has also failed to show that she contracted an occupational disease as defined by the Act.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. A plaintiff suffering from a mental or psychological illness may be eligible for compensation under the Act if the illness occurred as a result of an accident arising out of and in the course of the claimant's employment. Pitillo v. N.C. Department of Environmental Health andNatural Resources, 151 N.C. App. 641, 566 S.E.2d 807 (2002).
2. An injury arises out of the employment "when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so there is some causal relation between injury and the performance of some service of the employment." Robbins v. Nicholson,281 N.C. 234, 239, 188 S.E.2d 350, 354 (1972). Further, the injury "arises out of the employment" if a contributing proximate cause of the injury is a risk to which the employee was exposed because of the nature of the employment, and to which the employee would not have been equally exposed apart from the employment. Dildy v. MBW Investments,152 N.C. App. 65, 69, 566 S.E.2d 759, 763 (2002).
3. In Hogan v. Forsyth Country Club Co., 79 N.C. App. 483,340 S.E.2d 116, disc. review denied, 317 N.C. 334, 346 S.E.2d 140
(1986), the Court of Appeals held that allegations of sexual harassment between co-employees does not form the basis of a compensable claim under the Act because the claim does not involve an isolated physical injury, but rather alleges an entire class of civil wrongs which are outside the scope of the Act. Further, the Hogan Court noted that the emotional injury allegedly suffered by the plaintiff, resulting from sexual harassment, was not a "natural and probable consequence or incident of the employment" as sexual harassment is not a risk to which an employee is exposed because of the nature of the employment but is a risk to which the employee could be equally exposed outside the employment. Id.; Seealso, Gallimore v. Marilyn's Shoes, 292 N.C. 399, 233 S.E.2d 529 (1977).
4. In the instant case, plaintiff has established that she sustained an injury by accident occurring in the course of her employment with defendant-employer, but she has failed to establish that her injury arose out of the employment because the sexual assaults are not deemed to be incident to or a natural and probable consequence of the employment under current law. Therefore, the fact that plaintiff's supervisor exercised the power of his superior position to prey upon the plaintiff, a subordinate employee, thereby causing plaintiff's disabling PTSD, is insufficient to establish that plaintiff's disability arose out of her employment. Accordingly, plaintiff cannot be compensated under the Act for her workplace injury. N.C. Gen. Stat. § 97-2.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim under the Workers' Compensation Act must be and is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of September, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER